CUYAHOGA COUNTY BAR ASSOCIATION *v.* CURRY.

[Cite as *Cuyahoga Cty. Bar Assn. v. Curry* (1997), 79 Ohio St.3d 181.]

(No. 96–2435—Submitted April 16, 1997—Decided July 16, 1997.)

*Timothy M. Bittel, Lester S. Potash* and *Deanna L. DiPetta,* for relator.

*Diane M. Curry, pro se.*

DOUGLAS, J. Our review of the record does not entirely support the board's findings of two counts of misconduct. Accordingly, we do not concur in the board's recommendation that respondent be indefinitely suspended from the practice of law.

## I

The relevant inquiry under Count One is whether respondent provided competent legal representation to the Koshars with respect to the child custody matter. For the reasons that follow, we hold that respondent adequately represented the Koshars' interests.

Respondent was retained by the Koshars to help them in a custody matter involving their two grandchildren. A custody action was pending in Cuyahoga County Juvenile Court. The Koshars were not parties to this action. The Koshars wanted respondent to file a motion for them to obtain legal custody of both grandchildren. After explaining the relevant legal issues to the Koshars, respondent filed a motion for the Koshars to intervene as parties to the custody action.

The board found that respondent failed in her legal duties by not attending hearings in the custody action. Because they were not parties to the custody action, respondent argues that the Koshars had no legal right to participate in the juvenile court proceedings, nor was there any corresponding legal duty for respondent to represent them at the hearing. Additionally, respondent argues that the September 20 hearing did not involve a final determination of custody but rather a standard review of custody. Respondent contends that as a result of her legal services the Koshars were allowed to speak at the custody proceedings, something they had previously been unable to do, and that a guardian *ad litem* was appointed to represent the interests of the grandchildren. We find respon-

dent's argument persuasive and accordingly we disagree with the board's determination as to the September 20 hearing.

As to the May 31, 1994 hearing determining final custody, the board's findings indicate that the Koshars informed respondent of the hearing by certified mail dated March 31, 1994. The Koshars' March 31 letter makes no mention of a May 31 hearing date. Before the panel, Mrs..Koshar testified that she left messages notifying respondent of the May 31 hearing date. However, the Koshars were informed at the September 20, 1993 custody review hearing that their motion to intervene was denied. The Koshars therefore had no standing to participate in any hearing before the juvenile court. More important, respondent was presumably not notified *by the juvenile court* of the May 31 hearing because the Koshars were not parties to the action. We therefore find that respondent did not violate any Disciplinary Rules by not attending the May 31 hearing.

The board also found that respondent systematically avoided contacting the Koshars. At their initial consultation respondent explained the legal issues to the Koshars, agreed to represent them, and filed a motion, on their behalf, to intervene. Respondent told the Koshars that she would contact them if necessary. The record before this court indicates that respondent and the Koshars had two subsequent telephone conversations. The Koshars were informed by the juvenile court that their motion to intervene was denied. The Koshars were, however, permitted to participate in the custody proceedings, not as parties, but as concerned grandparents. Clearly, respondent did not return calls from the Koshars after the review hearing. But the record strongly suggests that any further contact between respondent and the Koshars was not warranted. Respondent had already explained that the children's parents had to be given a reasonable opportunity to regain custody of their children. Respondent further explained that a motion for custody of their grandchildren could not be filed unless the Koshars were admitted as parties to the action. The lack of communication between respondent and the Koshars ultimately had no effect on the juvenile court's final determination of custody.

We do not suggest that respondent's actions should be condoned. Attorneys do have an obligation to communicate with clients. Attorneys should make every reasonable effort to keep clients abreast of their pending legal matters. The Koshars might not have filed a grievance had respondent been more accessible. Nonetheless, respondent's actions do not support the board's findings and recommendation.

## II

With respect to Count Two we concur with the board's findings that respondent failed to cooperate with the grievance investigation. Gov.Bar R. V(4)(G)

requires an attorney to assist in an investigation of a complaint. The board found that respondent failed to respond to Russo's requests to discuss the Koshars' complaint, did not answer the formal complaint filed with the board, and also did not appear at the hearing before the panel of the board. Respondent's defenses for failing to cooperate with the investigation were her chronic health problems and ignorance of the grievance process. While sympathy can be found for respondent's ill health, ill health is no excuse for a failure to cooperate with disciplinary proceedings. Neither is ignorance of the process, as it is respondent's duty to know the rules and to abide by them. Respondent has fallen woefully short on this count.

Nancy Russo, the investigator for the relator, made several attempts to meet with respondent to review the Koshars' file. Yet respondent made little effort to cooperate with Russo. In fact, respondent neglected to forward the Koshars' file after assuring Russo she would do so.

The board made every effort to notify respondent throughout the various stages of the grievance process. In the proceedings before the board, respondent was on notice of a pending complaint against her but failed to file an answer with the board. A hearing was scheduled before a panel of the board, yet respondent failed to attend. Without substantive explanation, respondent inexcusably chose not to cooperate with the grievance process, despite attorney Russo's extraordinary efforts to conduct an investigation. In addition, having knowledge that a formal complaint was pending against her, respondent did not appear before the board to answer the charges against her.

Given the evidence before us, it can be inferred that had respondent cooperated with the investigation of the grievance against her, the filing of a formal complaint may very well have been precluded. Had respondent appeared before the panel, this matter may not have found its way to this court. In any event, respondent's lack of cooperation calls for us to administer an appropriate sanction. In administering a sanction we are cognizant of the fact that our records show no other formal disciplinary actions against respondent in thirteen years of practice.

Accordingly, we hold that respondent be suspended from the practice of law for a period of six months, with the suspension stayed on the condition that respondent not be found, in the future, to have violated any of the Disciplinary Rules.

*Judgment accordingly.*

RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., would suspend respondent for one year with six months stayed and order monitoring.

F.E. SWEENEY, J., would suspend respondent for six months without stay.