[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 181.]

CUYAHOGA COUNTY BAR ASSOCIATION *v*. CURRY.

[Cite as *Cuyahoga Cty. Bar Assn. v. Curry*, 1997-Ohio-166.]

*Attorneys at law–Misconduct–Six-month suspension with sanction stayed on condition–Failure to cooperate with a grievance investigation.*

(No. 96-2435–Submitted April 16, 1997–Decided July 16, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-35.

———————————

{¶ 1} In a complaint filed April 15, 1996, relator, Cuyahoga County Bar Association, charged respondent, Diane Marie Curry of Bedford Heights, Ohio, Attorney Registration No. 0023737, with two counts of professional misconduct. Count One charged respondent with violating DR 1-102(A)(1) (violation of a Disciplinary Rule), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law), 6-101(A)(3) (neglect of a legal matter), 7-101(A)(1) (failing to seek the lawful objectives of her client through reasonably available means permitted by law), 7-101(A)(2) (failing to carry out a contract of employment entered into with a client for professional services), and 7-101(A)(3) (causing prejudice or damage to her client during the course of a professional relationship). Count Two charged respondent with violating Gov.Bar R. V(4)(G) (failing to cooperate with the Certified Grievance Committee) and DR 1-102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law). Numerous attempts were made to serve respondent with a copy of the formal complaint filed with the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"). Specifically, the board made three unsuccessful attempts to serve respondent by certified mail. On May 7, 1996, the

board requested the Cuyahoga County Sheriff to personally serve respondent with a copy of the complaint. The sheriff's office made four unsuccessful attempts to serve respondent. Finally on May 28, 1996, the Clerk of the Supreme Court of Ohio was served with a copy of the complaint as agent for the respondent. See Gov.Bar R. V(11)(B). Respondent failed to respond to the complaint. On August 23, 1996, the matter was heard before a three-member panel ("panel") appointed by the board. Respondent did not appear before the panel, and the matter was considered upon the evidence and testimony submitted by relator.

{¶ 2} Relator presented the following evidence to the board. On August 8, 1993, respondent was retained by Kenneth and Susan Koshar to represent them in a custody matter regarding their grandchildren, Gregory and Jeremy. The Koshars had the grandchildren in their care. Gregory's biological father was seeking custody of Gregory. Because the Koshars did not want the two boys separated, they were seeking custody of both grandchildren.

{¶ 3} The board found that respondent instructed the Koshars not to contact her, despite the fact that respondent was representing the Koshars. The board also found that respondent did not appear at a juvenile court hearing scheduled for September 20, 1993. Susan Koshar testified before the panel that she and her husband repeatedly attempted to contact respondent after the September 20 hearing but that respondent never returned their calls. The Koshars sent a certified letter dated March 31, 1994, notifying respondent that another hearing had been scheduled. Respondent failed to contact the Koshars and did not attend the hearing.

{¶ 4} At the May 31 hearing, Gregory's biological father was awarded custody of Gregory. The other grandchild, Jeremy, was placed in the custody of the Koshars. After the hearing, the Koshars discharged respondent and filed a complaint with relator.

{¶ 5} Attorney Nancy M. Russo was appointed by relator to investigate the complaint. Russo made several attempts to contact respondent before successfully

scheduling a meeting with her in March 1995. The meeting was canceled through no fault of respondent.

{¶ 6} Russo made several attempts to reschedule the meeting. Respondent did not return Russo's calls and failed to reschedule a date for the meeting. On May 4, 1995, Russo sent a letter informing respondent of her duty to cooperate with the grievance process. Respondent notified Russo that she would forward a complete copy of the Koshars' file. Respondent failed to send the file and did not attempt to contact Russo.

{¶ 7} Based upon the foregoing, the panel concluded that respondent had systematically avoided contact with the Koshars, had failed to appear at hearings on behalf of her clients, and had failed to cooperate with the investigator during the grievance process. The panel found that respondent violated DR 1-102(A)(1), 1-102(A)(4), 1-102(A)(6), 6-101(A)(3), 7-101(A)(2), 7-101(A)(3) and Gov.Bar R. V(4)(G). The panel found that respondent did not violate DR 7-101(A)(1).

{¶ 8} The relator recommended that respondent receive a one-year suspension with restitution of $250 to the Koshars, and proof of fitness to practice law in the form of a medical statement certifying that the respondent is mentally able to practice law. The panel rejected relator's recommendation and instead found that the appropriate sanction under these circumstances was an indefinite suspension. The board adopted the panel's findings of fact, conclusions of law, and recommendation. The board also recommended that the costs of the disciplinary proceedings be taxed to the respondent in any disciplinary order entered in this matter.

_____

*Timothy M. Bittel*, *Lester S. Potash* and *Deanna L. DiPetta*, for relator.
*Diane M. Curry*, *pro se.*

_____

**DOUGLAS, J.**

**{¶ 9}** Our review of the record does not entirely support the board's findings of two counts of misconduct. Accordingly, we do not concur in the board's recommendation that respondent be indefinitely suspended from the practice of law.

I

**{¶ 10}** The relevant inquiry under Count One is whether respondent provided competent legal representation to the Koshars with respect to the child custody matter. For the reasons that follow, we hold that respondent adequately represented the Koshars' interests.

**{¶ 11}** Respondent was retained by the Koshars to help them in a custody matter involving their two grandchildren. A custody action was pending in Cuyahoga County Juvenile Court. The Koshars were not parties to this action. The Koshars wanted respondent to file a motion for them to obtain legal custody of both grandchildren. After explaining the relevant legal issues to the Koshars, respondent filed a motion for the Koshars to intervene as parties to the custody action.

**{¶ 12}** The board found that respondent failed in her legal duties by not attending hearings in the custody action. Because they were not parties to the custody action, respondent argues that the Koshars had no legal right to participate in the juvenile court proceedings, nor was there any corresponding legal duty for respondent to represent them at the hearing. Additionally, respondent argues that the September 20 hearing did not involve a final determination of custody but rather a standard review of custody. Respondent contends that as a result of her legal services the Koshars were allowed to speak at the custody proceedings, something they had previously been unable to do, and that a guardian *ad litem* was appointed to represent the interests of the grandchildren. We find respondent's argument persuasive and accordingly we disagree with the board's determination as to the September 20 hearing.

{¶ 13} As to the May 31, 1994 hearing determining final custody, the board's findings indicate that the Koshars informed respondent of the hearing by certified mail dated March 31, 1994. The Koshars' March 31 letter makes no mention of a May 31 hearing date. Before the panel, Mrs. Koshar testified that she left messages notifying respondent of the May 31 hearing date. However, the Koshars were informed at the September 20, 1993 custody review hearing that their motion to intervene was denied. The Koshars therefore had no standing to participate in any hearing before the juvenile court. More important, respondent was presumably not notified *by the juvenile court* of the May 31 hearing because the Koshars were not parties to the action. We therefore find that respondent did not violate any Disciplinary Rules by not attending the May 31 hearing.

{¶ 14} The board also found that respondent systematically avoided contacting the Koshars. At their initial consultation respondent explained the legal issues to the Koshars, agreed to represent them, and filed a motion, on their behalf, to intervene. Respondent told the Koshars that she would contact them if necessary. The record before this court indicates that respondent and the Koshars had two subsequent telephone conversations. The Koshars were informed by the juvenile court that their motion to intervene was denied. The Koshars were, however, permitted to participate in the custody proceedings, not as parties, but as concerned grandparents. Clearly, respondent did not return calls from the Koshars after the review hearing. But the record strongly suggests that any further contact between respondent and the Koshars was not warranted. Respondent had already explained that the children's parents had to be given a reasonable opportunity to regain custody of their children. Respondent further explained that a motion for custody of their grandchildren could not be filed unless the Koshars were admitted as parties to the action. The lack of communication between respondent and the Koshars ultimately had no effect on the juvenile court's final determination of custody.

**{¶ 15}** We do not suggest that respondent's actions should be condoned. Attorneys do have an obligation to communicate with clients. Attorneys should make every reasonable effort to keep clients abreast of their pending legal matters. The Koshars might not have filed a grievance had respondent been more accessible. Nonetheless, respondent's actions do not support the board's findings and recommendation.

II

**{¶ 16}** With respect to Count Two we concur with the board's findings that respondent failed to cooperate with the grievance investigation. Gov.Bar R. V(4)(G) requires an attorney to assist in an investigation of a complaint. The board found that respondent failed to respond to Russo's requests to discuss the Koshars' complaint, did not answer the formal complaint filed with the board, and also did not appear at the hearing before the panel of the board. Respondent's defenses for failing to cooperate with the investigation were her chronic health problems and ignorance of the grievance process. While sympathy can be found for respondent's ill health, ill health is no excuse for a failure to cooperate with disciplinary proceedings. Neither is ignorance of the process, as it is respondent's duty to know the rules and to abide by them. Respondent has fallen woefully short on this count.

**{¶ 17}** Nancy Russo, the investigator for the relator, made several attempts to meet with respondent to review the Koshars' file. Yet respondent made little effort to cooperate with Russo. In fact, respondent neglected to forward the Koshars' file after assuring Russo she would do so.

**{¶ 18}** The board made every effort to notify respondent throughout the various stages of the grievance process. In the proceedings before the board, respondent was on notice of a pending complaint against her but failed to file an answer with the board. A hearing was scheduled before a panel of the board, yet respondent failed to attend. Without substantive explanation, respondent inexcusably chose not to cooperate with the grievance process, despite attorney

Russo's extraordinary efforts to conduct an investigation. In addition, having knowledge that a formal complaint was pending against her, respondent did not appear before the board to answer the charges against her.

{¶ 19} Given the evidence before us, it can be inferred that had respondent cooperated with the investigation of the grievance against her, the filing of a formal complaint may very well have been precluded. Had respondent appeared before the panel, this matter may not have found its way to this court. In any event, respondent's lack of cooperation calls for us to administer an appropriate sanction. In administering a sanction we are cognizant of the fact that our records show no other formal disciplinary actions against respondent in thirteen years of practice.

{¶ 20} Accordingly, we hold that respondent be suspended from the practice of law for a period of six months, with the suspension stayed on the condition that respondent not be found, in the future, to have violated any of the Disciplinary Rules.

*Judgment accordingly.*

RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., would suspend respondent for one year with six months stayed and order monitoring.

F.E. SWEENEY, J., would suspend respondent for six months without stay.

———————————