[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 273.]

BUTLER COUNTY BAR ASSOCIATION *v.* DOLL.

[Cite as *Butler Cty. Bar Assn. v. Doll*, 1997-Ohio-318.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct adversely reflecting on ability to practice law—Neglecting an entrusted legal matter—Engaging in conduct involving dishonest, fraud, deceit, or misrepresentation.*

(No. 97-1299—Submitted August 26, 1997—Decided November 19, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-56.

————————————

{¶ 1} On August 12, 1996, relator, Butler County Bar Association, filed a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), alleging in count one that between April 1995 and June 1995, Ragene Manning employed respondent, Mark E. Doll of Franklin, Ohio, Attorney Registration No. 0046521, and paid him $500 to obtain an order dissolving her marriage. Respondent prepared the separation agreement and dissolution papers and had them signed by Manning's husband. Soon thereafter respondent telephoned Manning and told her that her dissolution case would be heard on August 4, 1995. The day prior to the alleged court date Manning received a letter from respondent which told her that her case had been continued. Manning was unsuccessful in attempting to contact respondent and went to the court on August 4, 1995, where she found that the dissolution papers had never been filed. Manning then went to respondent's office and was told that he had moved out and had not been seen for two weeks. Count two of relator's complaint alleged that on the basis of a complaint filed by Manning, respondent was convicted of petty theft. In mitigation, relator noted that respondent eventually repaid the $500 to Manning.

**{¶ 2}** In count three, relator alleged that respondent failed to register as an attorney with the Supreme Court by September 1, 1995 in violation of Gov.Bar R. VI(1), and in count four that respondent failed to complete his continuing legal education requirements for the 1994-1995 period in violation of Gov.Bar R. X(3).

**{¶ 3}** The board attempted to serve respondent with the complaint by regular and certified mail. After all attempts to serve respondent or locate him were unsuccessful, the Clerk of the Ohio Supreme Court was served as agent for the respondent. Respondent did not file an answer or otherwise plead to the complaint and relator filed a motion for a default judgment.

**{¶ 4}** A panel of the board heard the motion, found the facts to be uncontroverted, and concluded with respect to count one that respondent had violated DR 1-102(A)(6 ) (engaging in conduct adversely reflecting on his ability to practice law) and 6-101(A)(3) (neglecting a legal matter entrusted). With respect to count two, the panel concluded that respondent's actions violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6). The panel concluded that it had no jurisdiction over the allegations of counts three and four of relator's complaint. The panel recommended an indefinite suspension from the practice of law.

**{¶ 5}** The board adopted the panel's findings, conclusions, and recommendation, and noted that the violations of Gov.Bar R. VI and X are administrative in nature and should not be treated as independent violations of the Disciplinary Rules.

————————————

*Patricia S. Oney* and *Gary H. Kaup*, for relator.

————————————

***Per Curiam.***

**{¶ 6}** We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————