CLEVELAND BAR ASSOCIATION *v.* SCHUMAN.

[Cite as *Cleveland Bar Assn. v. Schuman* (1998), 81 Ohio St.3d 185.]

(No. 97–1750—Submitted December 9, 1997—Decided March 4, 1998.)

*Michael Drain, Jean A. Demarr* and *K. Ann Zimmerman,* for relator.

*Michael H. Peterson,* for respondent.

---

***Per Curiam.*** We have reviewed the record and adopt the findings and conclusions of the board. We note that three years after having been admitted to the bar in 1970, respondent was purportedly diagnosed as suffering from "anxiety related [phobic] reaction." Except for some treatment from a physician in 1991, respondent attempted to deal with the problem himself, and he claims it was during the time of his illness that these disciplinary violations occurred. Although respondent's illness has allegedly lasted for nearly twenty-five years, he introduced no medical evidence to support his claim that he suffered from the disease, nor any evidence, apart from his having had a successful legal practice since 1995, that, if he did suffer from an illness, he has now recovered. We, therefore, adopt the recommendation of the board.

Respondent is hereby suspended from the practice of law for one year, and his reinstatement is conditioned on full restitution to Zeleny and Nicholson, a psychological examination of respondent by a psychiatrist chosen by relator within one month of the entry of this order, again at the end of six months, and again at the end of one year. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK and LUNDBERG STRATTON, JJ., concur separately.

---

**LUNDBERG STRATTON, J., concurring.** Just so the respondent does not misunderstand our opinion, his merely obtaining an exam and ignoring any appropriate recommendation by the psychiatrist may not be enough to convince the court that respondent has successfully dealt with his claimed underlying mental issues. We also would expect the respondent to undertake any appropriate counseling or treatment for his "condition" as recommended by the psychiatrist to be sure respondent reaches full rehabilitation.

RESNICK, J., concurs in the foregoing concurring opinion.