[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 185.]

CLEVELAND BAR ASSOCIATION *v.* SCHUMAN.

[Cite as *Cleveland Bar Assn. v. Schuman*, 1998-Ohio-639.]

*Attorneys at law—Misconduct—One-year suspension with reinstatement on conditions—Failing to promptly refund any part of an advance fee that has not been earned after withdrawing from employment—Neglect of an entrusted legal matter—Intentionally failing to carry out contract of employment—Neglecting or refusing to assist in disciplinary investigation—Failing to deposit all funds of a client in an identifiable bank account where no funds of lawyer are deposited.*

(No. 97-1750—Submitted December 9, 1997—Decided March 4, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-22.

_____

{¶ 1} On February 18, 1997, relator, Cleveland Bar Association, filed a complaint charging respondent, Howard F. Schuman of Cleveland, Ohio, Attorney Registration No. 0033578, with violation of various Disciplinary Rules and Rules for the Government of the Bar. After respondent filed his answer, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard testimony and received a stipulation of facts.

{¶ 2} The panel found that in May 1993, Patrick Zeleny retained respondent and paid him $450 to obtain a valid Ohio certificate of title for his motorcycle. Thereafter, respondent did not take action on Zeleny's behalf or return his telephone calls. In July 1993, Zeleny hired other counsel to perform the services. Respondent did not repay any of the fee to Zeleny, and respondent refused to cooperate or respond to relator concerning Zeleny's allegations until such time as he answered relator's complaint. The panel concluded that respondent had violated DR 2-

110(A)(3) (a lawyer who withdraws from employment shall promptly refund any part of an advance fee that has not been earned), 6-101(A)(3) (neglecting an entrusted legal matter), and 7-101(A)(2) (intentionally failing to carry out a contract of employment), and Gov.Bar R. V(4)(G) (neglecting or refusing to assist in a disciplinary investigation).

**{¶ 3}** The panel also found that in January 1987, when disbursing proceeds from the settlement of a personal injury claim for Darlene Woodall, respondent retained $625 to pay Woodall's physical therapist's bill. However, respondent failed to pay the bill and, as a result, Woodall was sued for the debt. In October 1992, respondent satisfied the judgment against Woodall. The panel concluded that respondent had violated DR 9-102(A) (all funds of a client shall be deposited in an identifiable bank account where no funds of the lawyer are deposited), and 6-101(A)(3).

**{¶ 4}** In addition, the panel found that in August 1993, Rita Nicholson paid respondent $540 to assist in the administration of her grand aunt's estate. Respondent performed only partial services and Nicholson discharged him in March 1994. Respondent refused to return any part of the fee and failed to respond to relator's inquiries about the matter. The panel concluded that respondent had violated DR 2-110(A)(3) and 6-101(A)(3), and Gov.Bar R. V(4)(G).

**{¶ 5}** In mitigation, four witnesses testified before the panel to respondent's present fitness to practice law, and five letters were received about respondent's good character. Respondent also testified that he has made great strides in the last three years in overcoming "anxiety related [phobic] reaction," which had previously made him uncomfortable in courtroom situations and which, he believed, was the cause of his disciplinary violations. Beginning in early 1995, respondent developed a successful bankruptcy practice.

**{¶ 6}** The panel recommended that respondent be suspended for twelve months with six months of the suspension stayed pending full restitution to Zeleny

and Nicholson, and psychological examinations of respondent by a psychiatrist chosen by relator now, at the end of six months, and at the end of one year. Further, the panel recommended that respondent be monitored by an attorney chosen by relator. The board adopted the findings of fact and conclusions of the panel, but recommended a sanction of actual suspension for one year, full restitution, and psychiatric examinations as recommended by the panel.

———————————

*Michael Drain, Jean A. Demarr* and *K. Ann Zimmerman,* for relator.

*Michael H. Peterson*, for respondent.

———————————

***Per Curiam.***

**{¶ 7}** We have reviewed the record and adopt the findings and conclusions of the board. We note that three years after having been admitted to the bar in 1970, respondent was purportedly diagnosed as suffering from "anxiety related [phobic] reaction." Except for some treatment from a physician in 1991, respondent attempted to deal with the problem himself, and he claims it was during the time of his illness that these disciplinary violations occurred. Although respondent's illness has allegedly lasted for nearly twenty-five years, he introduced no medical evidence to support his claim that he suffered from the disease, nor any evidence, apart from his having had a successful legal practice since 1995, that, if he did suffer from an illness, he has now recovered. We, therefore, adopt the recommendation of the board.

**{¶ 8}** Respondent is hereby suspended from the practice of law for one year, and his reinstatement is conditioned on full restitution to Zeleny and Nicholson, a psychological examination of respondent by a psychiatrist chosen by relator within one month of the entry of this order, again at the end of six months, and again at the end of one year. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK and LUNDBERG STRATTON, JJ., concur separately.

———————————

**LUNDBERG STRATTON, J., concurring.**

{¶ 9} Just so the respondent does not misunderstand our opinion, his merely obtaining an exam and ignoring any appropriate recommendation by the psychiatrist may not be enough to convince the court that respondent has successfully dealt with his claimed underlying mental issues. We also would expect the respondent to undertake any appropriate counseling or treatment for his "condition" as recommended by the psychiatrist to be sure respondent reaches full rehabilitation.

RESNICK, J., concurs in the foregoing concurring opinion.

———————————