**[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 100.]**

## OFFICE OF DISCIPLINARY COUNSEL *v.* BOYKIN.

### [Cite as *Disciplinary Counsel v. Boykin*, 1998-Ohio-581.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Neglect of an entrusted legal matter— Failing to preserve identity of funds and property of a client—Failing to promptly pay or deliver to client funds the client is entitled to receive— Failing to cooperate in disciplinary investigation.*

(No. 97-2725—Submitted March 4, 1998—Decided June 10, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-105.

————————————

{¶ 1} On December 9, 1996, relator, Office of Disciplinary Counsel, filed a three-count complaint charging that respondent, Leroy Reuben Boykin of Columbus, Ohio, Attorney Registration No. 0031378, accepted retainers from clients in early 1996, but failed to perform any work or return the retainers upon request. Relator also charged that respondent did not cooperate in the investigations of the grievances filed by these clients.

{¶ 2} Although respondent was served with the complaint, he failed to file an answer and relator moved for a default judgment. The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), which found that Ernest Bircher had retained respondent for $1,500 to provide legal services. Respondent performed no legal work for Bircher. When Bircher was neither able to contact respondent, who had moved and left no forwarding address, nor able to recover the retainer, he filed a grievance with

relator. Respondent did not respond to relator's attempts to investigate Bircher's grievance.

{¶ 3} The panel also found that on April 1, 1996, Charles R. Thompson employed respondent to recover Thompson's seized motor vehicle and gave him a partial retainer of $200. Respondent performed no work for Thompson. When Thompson was also unable to contact respondent or recover the retainer, he filed a grievance with relator. Respondent also did not respond to relator's attempts to investigate Thompson's grievance.

{¶ 4} In addition, the panel found that on May 8, 1996, Dallas Dotson retained respondent for $300 to obtain a laboratory report related to Dotson's criminal case. Respondent performed no work for Dotson. When Dotson was also unable to contact respondent or recover the retainer, he filed a grievance with relator. Respondent did not cooperate with relator's attempts to investigate Dotson's grievance.

{¶ 5} The panel concluded that by his conduct respondent violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct that adversely reflects upon the attorney's fitness to practice law), 6-101(A)(3) (neglecting an entrusted legal matter), 9-102(A)(2) (failing to preserve the identity of the funds and property of a client), 9-102(B)(4) (failing to promptly pay to the client, when requested, funds of the client in the possession of the lawyer), and Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation). The panel recommended that the respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

_____

*Per Curiam*.

{¶ 6} We adopt the findings, conclusions, and recommendation of the board. We also note that in August 1994, we suspended respondent for eighteen months, but stayed the suspension on the condition, among others, that he spend the entire time on probation under the guidance of a monitor. *Disciplinary Counsel v. Boykin* (1994), 70 Ohio St.3d 75, 637 N.E.2d 296.

{¶ 7} Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————