[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 380.]

CUYAHOGA COUNTY BAR ASSOCIATION *v.* CURRY.

[Cite as *Cuyahoga Cty. Bar Assn. v. Curry*, 1999-Ohio-275.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect in administering an estate—Violation of a previously stayed suspension.*

(No. 98-2642—Submitted January 27, 1999—Decided April 21, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-95.

_____

{¶ 1} In July 1997, we found that respondent, Diane Curry, a.k.a. Diane Marie Curry, of Cleveland, Ohio, Attorney Registration No. 0023737, violated Gov.Bar R. V(4)(G) (failing to cooperate with a disciplinary investigation), and suspended her from the practice of law in Ohio for six months, with the suspension stayed on the condition that respondent not be found, in the future, to have violated any Disciplinary Rules. *Cuyahoga Cty. Bar Assn. v. Curry* (1997), 79 Ohio St.3d 181, 680 N.E.2d 966. We also ordered respondent to pay board costs and any accrued interest by October 14, 1997. On December 4, 1997, we ordered respondent to show cause why she should not be held in contempt for failure to pay board costs. Respondent did not file a response to the show cause order. In November 1998, we found respondent in contempt of our July 1997 order and suspended her from the practice of law until, among other things, she paid the board's costs and accrued interest. *Cuyahoga Cty. Bar Assn. v. Curry* (1998), 84 Ohio St.3d 1417, 702 N.E.2d 427.

{¶ 2} On December 8, 1997, relator, Cuyahoga County Bar Association, filed a complaint charging respondent with misconduct relating to the administration of an estate. Relator alleged that respondent's conduct violated several Disciplinary Rules, a Rule for the Government of the Bar, and the court's

July 1997 suspension order. Respondent filed an answer denying most of the allegations. Respondent subsequently waived her right to a hearing, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on the evidence provided by the parties.

{¶ 3} The panel stated in its report as follows. In October 1994, Milton Franklin, executor of the estate of Mattie B. Albritton, retained respondent to complete the administration of the estate. Franklin paid respondent a $1,500 fee. As respondent conceded, she did not properly administer the estate because she failed to file accounts, failed to amend the inventory to include a newly discovered asset, failed to inform estate beneficiaries that the mortgage on the decedent's home had not been paid, resulting in the commencement of foreclosure proceedings, failed to conduct appropriate negotiations with the mortgagee, and failed to file an application for certificate of transfer. Due to respondent's failure to properly administer the estate, Franklin eventually obtained the assistance of probate court personnel and completed the administration of the estate himself in October 1996. Respondent did not return any portion of the $1,500 fee.

{¶ 4} The panel concluded that respondent's conduct violated DR 1-102(A)(1) (violating a Disciplinary Rule), 1-102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek the lawful objectives of a client), (2) (failing to carry out an employment contract entered into with a client for professional services), and (3) (causing prejudice or damage to a client during the course of a professional relationship). The panel further concluded that respondent violated the terms of our July 1997 suspension order.

{¶ 5} The panel recommended that respondent be indefinitely suspended from the practice of law and that her application for readmission be conditioned on her (1) making full restitution or restitution satisfactory to the complainants, (2) establishing that she has received professional counseling for her depression and

2

emotional problems and that she is emotionally fit to practice law, and (3) completing at least ten hours of approved continuing legal education on the subject of law office and practice management. The board adopted the findings, conclusions, and recommendation of the panel.[1]

_____

*Steuer, Escovar & Beck Co., L.P.A.*, and *Thomas J. Escovar*; *Reid, Barry & Stanard* and *Margaret Stanard*, for relator.

*Diane Curry, pro se*.

_____

***Per Curiam.***

**{¶ 6}** We adopt the findings and conclusions of the board. Respondent's neglect in administering the estate, which caused damage to her clients, coupled with the violation of her previously stayed suspension, warrants an indefinite suspension. Cf. *Disciplinary Counsel v. Boykin* (1998), 82 Ohio St.3d 100, 694 N.E.2d 899, in which we noted the attorney's previously stayed suspension in imposing an indefinite suspension for conduct that similarly included violations of DR 1-102(A)(5) and (6), and 6-101(A)(3).

**{¶ 7}** We further adopt the recommendation of the board but modify it in order to account for respondent's violation of her stayed six-month suspension, as well as our November 24, 1998 order revoking the stay. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Because we have already found respondent in contempt of our July 1997 order and essentially revoked the stay in November 24, 1998, respondent's indefinite suspension will commence six months following our November 24, 1998 revocation of the stay. In addition, any

_____

1. The board ordered relator to file specific verified documentation of the economic losses proximately caused by respondent in connection with the estate administration for purposes of determining the appropriate restitution within sixty days of issuance of its report, but relator did not file the requested information.

petition for reinstatement by respondent is conditioned upon (1) restitution to the complainants in the estate matter, (2) evidence establishing that respondent has received professional counseling or treatment for her depression and emotional problems and that she is emotionally fit to practice law, (3) completion of at least ten hours of approved continuing legal education on law office and practice management, and (4) payment of the costs and accrued interest specified in our November 24, 1998 order. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____