COLUMBUS BAR ASSOCIATION *v.* PATTERSON.

[Cite as *Columbus Bar Assn. v. Patterson* (1999), 86 Ohio St.3d 23.]

(No. 99–370—Submitted April 20, 1999—Decided June 16, 1999.)

*Taft, Stettinius & Hollister* and *David L. Johnson;* *Bruce A. Campbell,* for relator.

***Per Curiam.*** We adopt the findings of the board. Respondent's fiancée's health problems do not excuse his misconduct. See, *e.g., Cuyahoga Cty. Bar Assn. v. Curry* (1997), 79 Ohio St.3d 181, 185, 680 N.E.2d 966, 969, where we noted, "While sympathy can be found for respondent's ill health, ill health is no excuse for a failure to cooperate with disciplinary proceedings." See, also, *Butler Cty. Bar Assn. v. Packard* (1994), 70 Ohio St.3d 539, 540, 639 N.E.2d 1152, 1153. Nevertheless, we do not concur with the board's findings that respondent's conduct in the second and third counts violated a "Disciplinary Rule" for purposes of DR 1–102(A)(1). Instead, respondent's conduct in these counts violated the Rules for the Government of the Bar, which are not Disciplinary Rules. *Butler Cty. Bar Assn. v. Doll* (1997), 80 Ohio St.3d 273, 274, 685 N.E.2d 1233, 1234; see, also, Preface to Code of Professional Responsibility. We adopt the board's remaining conclusions.

Given respondent's misconduct, most notably his violation of DR 2–110(A)(3) by failing to return the unearned portion of the retainer fee and his failure to cooperate in the ensuing disciplinary proceeding, we concur with the board that a six-month suspension and an order to make restitution are warranted. Cf. *Cleveland Bar Assn. v. Schuman* (1998), 81 Ohio St.3d 185, 187, 690 N.E.2d 1, 2, in which we imposed a comparable sanction for misconduct that included viola-

tions of DR 2–110(A)(3) and Gov.Bar R. V(4)(G). Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months, and he is ordered to make full restitution of the retainer fee plus interest. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.