[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 23.]

COLUMBUS BAR ASSOCIATION *v.* PATTERSON.

[Cite as *Columbus Bar Assn. v. Patterson*, 1999-Ohio-337.]

*Attorneys at law—Misconduct—Six-month suspension—Failing to return unearned portion of retainer fee—Failing to cooperate in disciplinary investigation—Failing to register with Clerk of the Supreme Court for the 1997-1999 biennium—Failing to notify Attorney Registration Office of current residence and office addresses.*

(No. 99-370—Submitted April 20, 1999—Decided June 16, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-17.

————————————

{¶ 1} On April 6, 1998, relator, Columbus Bar Association, filed a three-count complaint charging respondent, Brent P. Patterson of New Albany, Ohio, Attorney Registration No. 0044103, with violating several Disciplinary Rules and the Rules for the Government of the Bar. After relator unsuccessfully attempted to serve respondent at his last known address, relator served the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Respondent failed to answer or otherwise plead within the time permitted by Gov.Bar R. V(6)(F), and relator's motion for default judgment was considered by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on the complaint and exhibits attached to the motion, in the first count, the panel found that in May 1996, Stephen P. Krumlauf retained respondent in a domestic relations proceeding by paying him a $1,000 fee, which was to be held during respondent's representation of Krumlauf and then applied against the final billing. In addition, as the matter proceeded, Krumlauf paid respondent $725.96 for legal work performed.

**{¶ 3}** In November 1996, respondent sent Krumlauf a letter advising him that he was taking an "extended leave of absence" from the practice of law because of his fiancée's battle with cancer. Respondent cooperated fully with Krumlauf's new counsel in transferring files concerning the domestic relations matter, but despite Krumlauf's requests, respondent never returned the $1,000 retainer, which he had not earned. The panel concluded that respondent's conduct violated DR 1-102(A)(1) (violating a Disciplinary Rule) and 2-110(A)(3) (failing to promptly refund any unearned part of a fee paid in advance).

**{¶ 4}** For the second count, the panel found that once Krumlauf asked relator to assist him in recovering the retainer, relator was unsuccessful in its attempts to locate respondent. And because he could not be located, the panel found that respondent did not respond to or otherwise cooperate in the disciplinary proceeding arising from the Krumlauf matter. The panel concluded that respondent violated Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation) and DR 1-102(A)(1).

**{¶ 5}** On the third count, the panel found that respondent did not register with the Clerk of the Supreme Court for the 1997-1999 biennium and did not apprise the Attorney Registration Office of his current address. The panel concluded that respondent violated Gov.Bar R. VI(1)(A) (duty to register) and VI(1)(D) (duty to notify Attorney Registration Office of current residence and office addresses) as well as DR 1-102(A)(1).

**{¶ 6}** The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio with his reinstatement contingent upon his refund of the unearned retainer fee, with interest, and his certification of a current address. The board adopted the findings and conclusions of the panel, but instead recommended that respondent be suspended from the practice of law in Ohio for six months and that he make full restitution of unearned retainer fees with interest.

_____

*Taft, Stettinius & Hollister* and *David L. Johnson; Bruce A. Campbell*, for relator.

_____

**Per Curiam.**

**{¶ 7}** We adopt the findings of the board. Respondent's fiancée's health problems do not excuse his misconduct. See, *e.g.*, *Cuyahoga Cty. Bar Assn. v. Curry* (1997), 79 Ohio St.3d 181, 185, 680 N.E.2d 966, 969, where we noted, "While sympathy can be found for respondent's ill health, ill health is no excuse for a failure to cooperate with disciplinary proceedings." See, also, *Butler Cty. Bar Assn. v. Packard* (1994), 70 Ohio St.3d 539, 540, 639 N.E.2d 1152, 1153. Nevertheless, we do not concur with the board's findings that respondent's conduct in the second and third counts violated a "Disciplinary Rule" for purposes of DR 1-102(A)(1). Instead, respondent's conduct in these counts violated the Rules for the Government of the Bar, which are not Disciplinary Rules. *Butler Cty. Bar Assn. v. Doll* (1997), 80 Ohio St.3d 273, 274, 685 N.E.2d 1233, 1234; see, also, Preface to Code of Professional Responsibility. We adopt the board's remaining conclusions.

**{¶ 8}** Given respondent's misconduct, most notably his violation of DR 2-110(A)(3) by failing to return the unearned portion of the retainer fee and his failure to cooperate in the ensuing disciplinary proceeding, we concur with the board that a six-month suspension and an order to make restitution are warranted. Cf. *Cleveland Bar Assn. v. Schuman* (1998), 81 Ohio St.3d 185, 187, 690 N.E.2d 1, 2, in which we imposed a comparable sanction for misconduct that included violations of DR 2-110(A)(3) and Gov.Bar R. V(4)(G). Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months, and he is ordered to make full restitution of the retainer fee plus interest. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____