**[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 627.]**

CLEVELAND BAR ASSOCIATION *v.* VERBISKI.

[Cite as *Cleveland Bar Assn. v. Verbiski*, 1999-Ohio-244.]

*Attorneys at law—Misconduct—Indefinite suspension—Violating a Disciplinary Rule—Engaging in conduct adversely reflecting on fitness to practice law—Failing to seek lawful objectives of client—Failing to promptly pay, upon request, funds in possession that client is entitled to receive—Failing to cooperate in disciplinary investigation—Failing to comply with continuing legal education requirements.*

(No. 99-835—Submitted July 28, 1999—Decided September 22, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-54.

_____

{¶ 1} In October 1994, Simon Pyasik paid respondent, Laura Verbiski of North Olmsted, Ohio, Attorney Registration No. 0034338, $1,100, including a retainer of $950, to represent him in a domestic relations matter. Respondent filed a complaint for divorce on behalf of Pyasik in the Cuyahoga County Court of Common Pleas, Domestic Relations Division. Despite being notified by the court that the case would be dismissed for want of prosecution if service was not perfected by May 1995, respondent never perfected service, and the court dismissed the case and assessed costs against Pyasik. On April 17, 1996, after Pyasik expressed dissatisfaction to respondent about her representation, respondent agreed that she would make "demonstrable progress toward[s] the resolution of [Pyasik's] marital problem or return the $950.00 retainer fee." Respondent did not refund any money to Pyasik.

{¶ 2} Pyasik filed a grievance against respondent with relator, Cleveland Bar Association. Respondent failed to respond to relator's letters and did not

otherwise communicate or cooperate with relator and its investigator.

{¶ 3} Respondent failed to register for active status with the Clerk of the Supreme Court of Ohio for the 1993-1995, 1995-1997, and 1997-1999 biennial attorney registration periods. Gov.Bar R. VI(1)(A). Effective July 1998, we suspended respondent from the practice of law in Ohio for failing to comply with the continuing legal education requirements of Gov.Bar R. X. 82 Ohio St.3d 1456, 696 N.E.2d 215. Respondent failed to comply with the terms of our July 1998 order, which prohibited her from practicing law while under suspension.

{¶ 4} In January 1999, relator filed an amended complaint charging respondent with violating Disciplinary Rules and Rules for the Government of the Bar. The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") upon the parties' stipulated findings, conclusions, and recommendation.

{¶ 5} The panel found the facts as previously set forth and concluded that by her conduct, respondent violated DR 1-102(A)(1) (violating a Disciplinary Rule), 1-102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law), 7-101(A)(1) (failing to seek lawful objectives of client), 9-102(B)(4) (failing to promptly pay, upon request, funds in possession of lawyer that client is entitled to receive), Gov.Bar R. V(4)(G) (failing to cooperate in disciplinary investigation), and Gov.Bar R. VI(6)(B) (engaging in practice of law during summary suspension from practice of law for failing to register). The panel recommended, in accordance with the parties' stipulated sanction, that respondent be indefinitely suspended from the practice of law in Ohio and that she immediately refund to Pyasik $950 plus statutory interest from April 17, 1996. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Benesch, Freidlander, Coplan & Aronoff, L.L.P.,* and *Joseph N. Gross; Wilsman & Schoonover* and *Joseph S. Simms*, for relator.

*Laura Verbiski, pro se.*

_____

**Per Curiam.**

{¶ 6} We adopt the findings and conclusions of the board except for its conclusion that respondent violated Gov.Bar R. VI(6)(B) because respondent was never suspended from the practice of law for failing to register under that rule. Instead, we suspended respondent from the practice of law under Gov.Bar R. X for failing to comply with continuing legal education requirements.

{¶ 7} Nevertheless, we adopt the board's recommended sanction. Neglect of legal matters and a failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension. *Disciplinary Counsel v. Boykin* (1998), 82 Ohio St.3d 100, 694 N.E.2d 899. Similarly, respondent's failure to seek Pyasik's lawful objectives by failing to perfect service of his divorce complaint, resulting in dismissal, and her failure to cooperate in the ensuing disciplinary investigation coupled with her failure to timely refund the money to Pyasik, warrant an indefinite suspension and an order for respondent to repay the unearned portion of the retainer given by Pyasik. Respondent is hereby indefinitely suspended from the practice of law in Ohio, and she is ordered to immediately pay Pyasik $950 plus statutory interest from April 17, 1996. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____