[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 502.]

COLUMBUS BAR ASSOCIATION *v.* PATTERSON.

[Cite as *Columbus Bar Assn. v. Patterson*, 2002-Ohio-2487.]

*Attorneys at law—Misconduct—One-year suspension with credit for time served since March 30, 2001—Conduct prejudicial to the administration of justice—Conduct adversely reflecting on fitness to practice law.*

(No. 2001-2227—Submitted January 30, 2002—Decided June 12, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-46.

_____

PER CURIAM.

{¶1} In an agreement between relator, Columbus Bar Association, and respondent, Brent Paul Patterson of Cardiff by the Sea, California, Attorney Registration No. 0044103, respondent admits committing the misconduct alleged in the complaint filed by relator on March 30, 2001. The parties also agree that this misconduct violated DR 1-102(A)(5) (conduct prejudicial to the administration of justice) and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).

{¶2} According to count one, respondent fathered a child in 1991, and the child's mother filed a paternity action against respondent in Kentucky. Ohio obtained the case under the Uniform Reciprocal Enforcement of Support Act ("URESA"), former R. C. Chapter 3115, 1971 Am.H.B. No. 504, 134 Ohio Laws, Part II, 1849. Blood tests established respondent's paternity, and the Ohio court ordered respondent to pay $720 per month to the mother as child support. Respondent secured a stay of the support order pending his appeal of the award, but the appellate court voided the stay in March 1997. Thereafter, the mother, to whom respondent owed an arrearage of approximately $45,000, filed felony nonsupport charges against respondent in Kentucky.

**{¶3}** Respondent was arrested on a Kentucky warrant arising out of these charges when he appeared at a federal courthouse in California on other criminal matters. The Kentucky court deferred respondent's criminal prosecution on condition that respondent pay a substantial portion of the arrearage and comply with the monthly payment schedule for two years.

**{¶4}** In the Ohio URESA action, the court repeatedly sent notices to respondent informing him that he was in default of a substantial child-support obligation. The most recent of these notices, issued on July 20, 1999, specified an arrearage of $45,244.27. The court sent these notices to the addresses respondent had provided when he entered appearances in the case. In any event, respondent has not satisfied this obligation.

**{¶5}** Under count two, respondent pleaded guilty to two misdemeanor charges of failing to file federal income tax returns for 1993 and 1994. The federal district court sentenced respondent to three years of federal probation.

**{¶6}** Finally, in count three, respondent was charged in Muskingum County, Ohio, with possession of marijuana, driving while intoxicated, and another traffic charge. Respondent failed to appear for the scheduled hearing in this case, and the court issued a bench warrant for his arrest. When respondent appeared in federal court for sentencing in the tax matters, he was arrested on the warrant from Muskingum County.

**{¶7}** Respondent ultimately pled guilty to driving while intoxicated, the remaining charges were dismissed, and the court sentenced respondent to ten days in jail and fined him $1,000.

**{¶8}** As to mitigation, the parties agree that (1) respondent's violations did not directly relate to the practice of law, (2) respondent's violations did not adversely affect his clients or the judicial system, and (3) respondent suffered a separate punishment or sanction for each of these violations.

{¶9} Relator and respondent agree that this court should suspend respondent from the practice of law for one year, with credit for time served since March 30, 2001, as punishment for his misconduct.

{¶10} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court found that the agreement of relator and respondent conforms with the board's regulations. Thus, the panel recommended accepting the agreement, including the statement of facts and the violations. The panel also recommended that this court suspend respondent from the practice of law for one year, with credit for time served since March 30, 2001. The board adopted the panel's recommendations and further recommended that we tax the costs to respondent.

{¶11} We have reviewed the record, and we adopt the findings, conclusions, and recommendation of the board. Accordingly, we hereby suspend respondent from the practice of law for one year, with credit for time served since March 30, 2001. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

MOYER, C.J., concurs separately.

DOUGLAS and LUNDBERG STRATTON, JJ., dissent.

_____

**MOYER, C.J., concurring**.

{¶12} I concur in the sanction ordered by the majority with the exception that I would grant no credit for time served.

_____

**LUNDBERG STRATTON, J.**, dissenting.

{¶13} Because I believe that the sanctions imposed in this case are insufficient, I respectfully dissent from the majority's decision to adopt the

conclusions and recommendations of the Board of Commissioners on Grievances and Discipline.

{¶14}  The respondent in this case had previously been suspended from the practice of law for a period of six months.  See *Columbus Bar Assn. v. Patterson* (1999), 86 Ohio St.3d 23, 711 N.E.2d 221.  This suspension was based in part on respondent's failure to return an unearned retainer, in violation of DR 2-110(A)(3), and for his failure to cooperate in a disciplinary investigation.  In fact, respondent remains under suspension in that matter due to his failure to file an affidavit of compliance showing that he made full restitution, including interest, of the unearned retainer.

{¶15}  In addition, respondent is in default of his substantial child-support obligation, which, as of July 1999, amounted to $45,244, resulting in a felony nonsupport charge in Kentucky.  Moreover, in other financial matters, respondent failed to file federal income tax returns for 1993 and 1994 and was sentenced to three years of federal probation for those offenses.

{¶16}  Finally, in March 2000, after an elaborate game of cat and mouse with the state of Ohio, respondent pled guilty in Muskingum County Court to operating a motor vehicle while under the influence of alcohol.  Respondent had been arrested on June 18, 1995, for failure to stay within marked lanes in violation of R.C. 4511.33, operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1), and possession of marijuana in violation of R.C. 2925.11.  After various filings to contest the charges, respondent left the state and failed to appear in court to answer to those charges.  Ultimately, he was arrested on a bench warrant for failure to appear in Muskingum County Court when he finally appeared in federal court for sentencing for failure to file tax returns.

{¶17}  I find it peculiar that the parties agreed as to mitigation that (1) respondent's violations did not directly relate to the practice of law, (2) respondent's violations did not adversely affect his clients or the judicial system,

and (3) respondent suffered a separate punishment or sanction for each of these violations. While respondent may have suffered separate punishments, I simply cannot agree that his conduct did not relate to the practice of law, nor can I agree that his conduct did not adversely affect the judicial system. I would hold that our judicial system as well as the practice of law is adversely affected when an attorney willfully fails to fulfill his child support obligations, willfully fails to file tax returns, and willfully fails to appear to answer to criminal charges in court. Respondent has thumbed his nose at officials at all levels of Ohio government, as well as Kentucky, long enough.

{¶18} For all of the reasons above, I would find that the sanction recommended by the Board of Commissioners on Grievances and Discipline and adopted by this court is insufficient, and I would remand the matter to the board for a hearing pursuant to Gov.Bar R. V(8)(D). I respectfully dissent.

DOUGLAS, J., concurs in the foregoing dissenting opinion.

_____

Wolman, Genshaft, & Gellman and Susan B. Gellman; Jill M. Snitcher McQuain and Bruce A. Campbell, for relator.

Brent Paul Patterson, pro se.

_____