[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 1209.]

OFFICE OF DISCIPLINARY COUNSEL *v*. ACEVEDO.

[Cite as *Disciplinary Counsel v. Acevedo*, 1998-Ohio-272.]

(No. 98-454—Submitted and decided May 1, 1998.)

ON CERTIFIED ORDER OF THE SUPREME COURT OF FLORIDA, No. 91672.

———————

{¶ 1} This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

{¶ 2} On March 5, 1998, the Office of Disciplinary Counsel of the Supreme Court of Ohio filed with this court a certified copy of an order of the Supreme Court of Florida in *Florida Bar v. Acevedo* (Nov. 13, 1997), 705 So.2d 10, in which it granted the uncontested petition for disciplinary resignation, with leave to seek readmission after five years, of respondent, Lee Ellen Acevedo. On March 19, 1998, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state. Respondent filed no response to the show cause order. This cause was considered by the court and on consideration thereof,

{¶ 3} IT IS ORDERED AND ADJUDGED by this court that pursuant to Gov.Bar R. V(11)(F), respondent, Lee Ellen Acevedo, Attorney Registration No. 0032617, last known business address in New Port Richey, Florida, be suspended from the practice of law in Ohio until such time as she is reinstated to the practice of law in the state of Florida.

{¶ 4} IT IS FURTHER ORDERED that the respondent, Lee Ellen Acevedo, immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

**{¶ 5}** IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

**{¶ 6}** IT IS FURTHER ORDERED that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

**{¶ 7}** IT IS FURTHER ORDERED that respondent surrender her certificate of admission to practice to the Clerk of this court on or before thirty days from the date of this order, and that her name be stricken from the roll of attorneys maintained by this court.

**{¶ 8}** IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to ethics and professional responsibility, including instruction on substance abuse, for each six months, or portion of six months, of the suspension.

**{¶ 9}** IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

**{¶ 10}** IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with the Supreme Court Rules for the

2

Government of the Bar of Ohio; (3) respondent files evidence with the Clerk of this court and with Disciplinary Counsel demonstrating her reinstatement to the practice of law in Florida; (4) respondent complies with this and all other orders issued by this court; and (5) this court orders respondent reinstated.

{¶ 11} IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

{¶ 12} 1. Notify all clients being represented in pending matters and any co-counsel of her suspension and her consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in her place;

{¶ 13} 2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 14} 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

{¶ 15} 4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of her disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 16} 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 17} 6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof

of service of notices required herein, and setting forth the address where the affiant may receive communications; and

{¶ 18} 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 19} IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

{¶ 20} IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

{¶ 21} IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

{¶ 22} IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____