[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 3.]

OFFICE OF DISCIPLINARY COUNSEL *v.* HARRIS.

[Cite as *Disciplinary Counsel v. Harris*, 1998-Ohio-686.]

*Attorneys at law—Misconduct—Indefinite suspension—Conviction of conspiracy to commit an offense or defraud the United States in violation of Section 371, Title 18, U.S.Code.*

(No. 98-719—Submitted July 8, 1998—Decided November 10, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-53.

_____

{¶ 1} During 1995, respondent, Paula Castle Harris of Cleveland, Ohio, Attorney Registration No. 0009317, was engaged in a telemarketing enterprise known as Innovative Enterprises Distributing Company ("IEDC"). IEDC employees would telephone individuals and tell them that they had been selected to receive awards of significant value, but would have to pay a substantial up-front fee before the award could be transmitted. Respondent participated in the enterprise by creating certificates of authenticity that she knew falsely represented the value of paintings that were shipped to individuals who sent money to IEDC.

{¶ 2} On October 16, 1996, respondent pled guilty to a felony, namely, conspiracy to commit an offense or defraud the United States in violation of Section 371, Title 18, U.S.Code. She was sentenced to four years' probation and ordered to pay to the United States an assessment of $50. On May 19, 1997, being advised of the felony conviction, we suspended respondent from the practice of law in Ohio. *In re Harris* (1997), 78 Ohio St.3d 1502, 679 N.E.2d 4.

{¶ 3} On June 16, 1997, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent's conduct violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), (4) (engaging in conduct involving

dishonesty, fraud, deceit, or misrepresentation), and (6) (engaging in conduct that adversely reflects on the attorney's fitness to practice law). Respondent answered, and a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter and received stipulations of the parties to the facts and the violations. Respondent introduced in mitigation evidence of her depression and mood swings since the age of thirteen, and a statement that her plea of guilty was based on the requirement of the United States Attorney that all co-defendants in the IEDC matter plead together, and her desire to avoid a jury trial and a possibly lengthy prison sentence for her husband.

{¶ 4} The panel concluded that respondent's conduct violated DR 1-102(A)(4) and 1-102(A)(6), and recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, for relator.
*Paula Castle Harris, pro se.*

_____

**Per Curiam.**

{¶ 5} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____