[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 219.]

OFFICE OF DISCIPLINARY COUNSEL *v.* HENDERSON.

[Cite as *Disciplinary Counsel v. Henderson*, 1999-Ohio-29.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Neglecting an entrusted legal matter—Failing to cooperate in a disciplinary investigation— Failing to deliver all papers and property to which client is entitled upon withdrawal from employment.*

(No. 99-1118—Submitted August 25, 1999—Decided November 10, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-18.

_____

{¶ 1} On August 26, 1996, relator, Office of Disciplinary Counsel, filed a five-count complaint charging respondent, Pippa Lynn Henderson of Shaker Heights, Ohio, Attorney Registration No. 0041739, with violating several Disciplinary Rules and a Rule for the Government of the Bar. After respondent did not answer or otherwise plead to the amended complaint, relator moved for default judgment under Gov.Bar R. V(6)(F).

{¶ 2} Based on the amended complaint, motion for default judgment, and evidence attached to the motion, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") made the following findings of fact and conclusions of law.

{¶ 3} In early 1994, respondent agreed to represent Brenda Brown, an Ohio inmate, in obtaining super-shock probation. After respondent received a retainer of one hundred dollars, she failed to perform any services for Brown or return the money when requested. Brown filed a grievance with relator concerning the matter,

and respondent refused to respond to relator's letters of inquiry or subpoena *duces tecum* requiring her testimony and production of records at a deposition. The panel concluded that respondent's conduct violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law), 6-101(A)(3) (neglecting an entrusted legal matter), and Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation).

{¶ 4} The panel further found that Tami Schlessel retained respondent to represent her in a personal injury matter. Schlessel subsequently discharged respondent and through her new counsel, Ronald A. Margolis, requested that respondent transfer Schlessel's file to him. Despite respondent's knowledge that Schlessel was represented by Margolis, respondent sent a letter to Schlessel refusing to transfer the file to her new counsel until respondent received a promissory note for legal services that she had allegedly performed. Because the statute of limitations was about to expire, Margolis ultimately filed suit on behalf of Schlessel without having received the file. Margolis then filed a grievance with relator, and respondent failed to respond to relator's letters of inquiry. The panel concluded that respondent's conduct violated DR 1-102(A)(5), 1-102(A)(6), 2-110(A)(2) (failing to deliver all papers and property to which client is entitled upon withdrawal from employment), and Gov.Bar R. V(4)(G).

{¶ 5} The panel additionally found that respondent failed to reply to relator's inquiries concerning a grievance filed by Milton Hunter. The panel concluded that respondent's conduct violated Gov.Bar R. V(4)(G).

{¶ 6} The panel noted that in May 1997, we found respondent in contempt of court for failing to cooperate in the specified disciplinary investigations and failing to comply with the subpoena, and suspended her from the practice of law in Ohio until she complied with the previously issued subpoena. *Disciplinary Counsel v. Henderson* (1997), 78 Ohio St.3d 1501, 679 N.E.2d 2. We subsequently found

Henderson in contempt of our May 1997 order. *Disciplinary Counsel v. Henderson* (1997), 80 Ohio St.3d 1461, 687 N.E.2d 292. The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

――――――――――

*Jonathan E. Coughlan*, Disciplinary Counsel, and *John K. McManus*, Assistant Disciplinary Counsel, for relator.

――――――――――

*Per Curiam.*

{¶ 7} We adopt the findings, conclusions, and recommendation of the board. The sanction of an indefinite suspension from the practice of law " 'is especially fitting * * * where neglect of a legal matter is coupled with a failure to cooperate in the ensuing disciplinary investigation.' " *Disciplinary Counsel v. Boylan* (1999), 85 Ohio St.3d 115, 117, 707 N.E.2d 465, 467, quoting *Warren Cty. Bar Assn. v. Lieser* (1997), 79 Ohio St.3d 488, 490, 683 N.E.2d 1148, 1149. Here, like the attorney in *Boylan*, respondent exhibited a cavalier attitude toward the representation of a client and the ensuing disciplinary investigation. In addition, respondent engaged in a pattern of refusing to respond to multiple investigative inquiries, a duly issued subpoena, and even our show-cause order. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

――――――――――