DISCIPLINARY COUNSEL *v.* HENDERSON, A.K.A. CARTER.

[Cite as *Disciplinary Counsel v. Henderson,*
108 Ohio St.3d 447, 2006-Ohio-1336.]

(No. 2005–1948—Submitted December 14, 2005—Decided April 5, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Pippa Lynn Henderson (also known as Pippa Carter) of Cleveland, Ohio, Attorney Registration No. 0041739, was admitted to the Ohio bar in 1989.

{¶ 2} In May 1997, we found respondent in contempt of court for failing to cooperate in a disciplinary investigation and for failing to comply with a subpoena, and we suspended her from the practice of law in Ohio until she complied with the subpoena. *Disciplinary Counsel v. Henderson* (1997), 78 Ohio St.3d 1501, 679 N.E.2d 2. We subsequently found Henderson in contempt of our May 1997 order. *Disciplinary Counsel v. Henderson* (1997), 80 Ohio St.3d 1461, 687 N.E.2d 292. On November 10, 1999, we imposed an indefinite suspension of respondent's license to practice law for violations of DR 1–102(A)(5) (barring conduct prejudicial to the administration of justice), 1–102(A)(6) (barring conduct adversely reflecting on the lawyer's fitness to practice law), 2–110(A)(2) (barring withdrawal from representation without taking reasonable steps to avoid prejudice to the client), and 6–101(A)(3) (barring neglect of an entrusted legal matter) and Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation). *Disciplinary Counsel v. Henderson* (1999), 87 Ohio St.3d 219, 718 N.E.2d 1277.

{¶ 3} On April 18, 2005, relator, Disciplinary Counsel, filed a complaint charging respondent with two new counts of professional misconduct. When service of the complaint on respondent by certified mail could not be completed, the complaint was served on the Clerk of the Supreme Court as respondent's agent pursuant to Gov.Bar R. V(11)(B). Respondent did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed

by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

## Misconduct

### Count I

{¶ 4} Donna Burton was divorced in October 2002. She later spoke with respondent about the divorce, and respondent advised Burton that her marital property had been undervalued in the divorce decree and said that she should have received a larger settlement from her ex-husband. In June 2004, respondent agreed to represent Burton for a $1,500 fee to pursue additional compensation from the ex-husband, and Burton paid $100 to respondent for a court filing fee.

{¶ 5} Burton believed that respondent would promptly file the necessary paperwork with the court to seek the additional compensation, and Burton contacted respondent in July 2004 to find out whether a court date had been scheduled. Respondent told Burton that no date had been scheduled and promised to make a call to see whether she could speed up the process. On August 18, 2004, Burton paid $1,000 of the $1,500 fee that she had agreed to pay respondent for her services. A few days later, Burton called the clerk of the court to find out the status of her case and learned that respondent had not filed any pleadings on her behalf.

{¶ 6} When Burton again asked respondent about the case, respondent promised to find out what had happened. The following day, respondent told Burton that the documents had accidentally been filed under the wrong case number and said that she had now made appropriate changes so that the case could move forward.

{¶ 7} Burton became suspicious, and she called the clerk of the court on August 27, 2004, to ask whether any pleadings in her case had been filed under an incorrect case number. The clerk's office told Burton that nothing like that had occurred.

{¶ 8} Unbeknownst to Burton, respondent was suspended from the practice of law at the time Burton had hired her. Respondent never took any action on Burton's behalf and never refunded the $1,100 that Burton had paid her for legal services and court costs.

{¶ 9} The board found that respondent had violated DR 1–102(A)(4) (prohibiting conduct involving fraud, deceit, dishonesty, or misrepresentation), 1–102(A)(5), 1–102(A)(6), and 9–102(B)(4) (requiring prompt payment of the client's funds or other property in the lawyer's possession) and Gov.Bar R. V(8)(E) (requiring an attorney to perform various duties upon suspension).

## Count II

{¶ 10} When Burton filed a grievance against respondent with relator in November 2004, relator sent several letters to respondent asking her to reply to the allegations. Respondent failed to do so and also failed to appear at a deposition scheduled by relator, despite having been served with a subpoena requiring her to attend.

{¶ 11} The board found that respondent had violated DR 1-102(A)(5) and 1-102(A)(6) and Gov.Bar R. V(4)(G).

## Sanction

{¶ 12}· In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board found no mitigating factors in respondent's misconduct, but did note several aggravating factors: respondent's prior disciplinary offenses, a pattern of misconduct, multiple offenses, a lack of cooperation in the disciplinary process, a refusal to acknowledge the wrongful nature of her conduct, the vulnerability of and resulting harm to the victim of the misconduct, and the failure to make restitution. BCGD Proc.Reg. 10(B)(1)(a), (c), (d), (e), (g), (h), and (i).

{¶ 13} Relator recommended that respondent be permanently disbarred. The master commissioner and the board agreed with that recommendation.

{¶ 14} We have reviewed the board's report, and we agree that respondent violated all of the provisions described above. We also agree that permanent disbarment is the appropriate sanction.

{¶ 15} "Absent any mitigating circumstances, the normal penalty for ignoring previous orders of the court and continuing to practice law while under suspension is disbarment." *Disciplinary Counsel v. Chavers* (1997), 80 Ohio St.3d 441, 443, 687 N.E.2d 415. We have imposed a sanction of permanent disbarment in other cases in which a lawyer practiced law while under suspension. See, e.g., *Disciplinary Counsel v. Jefferson* (1998), 83 Ohio St.3d 317, 699 N.E.2d 930; *Disciplinary Counsel v. Caywood* (1996), 74 Ohio St.3d 596, 660 N.E.2d 1148.

{¶ 16} Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.