{¶ 20} Although I am constrained to agree with the majority opinion's disposition of this appeal, I write separately to express my unhappiness with the state of the law, since, as it stands, it prohibits what the trial judge sought to do in this case, viz., hold the defendant accountable for committing a criminal act by finding him guilty of the crime of robbery, an offense that should, in all logic, be considered a lesser-included one of the indicted offense of aggravated robbery.
 {¶ 21} This case presents another situation like the one I previously addressed in State v. Kvasne, 169 Ohio App.3d 167, 2006-Ohio-5235. Therein, I noted that the test set forth in State v. Rance,85 Ohio St.3d 632, 1999-Ohio-29, which addressed R.C. 2941.25, became conflated with the test set forth in State v. Deem (1988), 40 Ohio St.3d 205, which addressed R.C. 2945.74. The former is concerned with "allied offenses." Its intent is to prevent multiple punishments for the same offense, whereas R.C. 2945.74 is intended to hold a defendantaccountable for his criminal acts. *Page 9 
 {¶ 22} With this in mind, I now quote extensively from Kvasne in order to reiterate what I believe is the distinction to be made in cases that raise the issue of lesser included offenses.
 {¶ 23} "In Deem, the supreme court set forth the definitive test for determining whether, in the context of Crim.R. 31(C) and R.C. 2945.74, an offense was a lesser included' offense of another. As set forth inDeem, an offense `may be a lesser included offense of another' if the following requirements are met: 1) the offense carries a lesser penalty than the indicted offense; 2) the `greater' offense cannot, asstatutorily defined, ever be committed without the lesser offense, asstatutorily defined, also being committed; and, 3) some element of the greater offense is not required to prove the commission of the lesser offense. Id., paragraph three of the syllabus. (Emphasis added.)
 {¶ 24} "Despite the wording emphasized above, it must be noted thatDeem specifically adopted the test set forth earlier in State v.Wilkens (1980), 64 Ohio St.2d 382. The language of Wilkens indicates that, with respect to a `lesser included offense' determination, statutory definitions aside, the analysis must include a consideration of the facts of the case.
 {¶ 25} "Indeed, the supreme court indicated in both Deem andWilkens that in making a decision as to whether an offense constitutes a lesser included offense of the offense for which the defendant was indicted, a consideration of the evidence presented in the case is crucial. Id. at 388. The aim, according to Deem, was stated *Page 10 
as follows: `Our adoption of a test which looks to both thestatutory elements of the offenses involved and the evidence supportingsuch lesser offenses as presented at trial is grounded primarily in the need for clarity in meeting the constitutional requirement that an accused have notice of the offenses charged against him.' Id. at 210. (Emphasis added.)
 {¶ 26} "The foregoing quote is significant. Although the tests presented in Rance and Deem seem alike, the aims of the two statutes the opinions considered are different. Preventing multiple punishments for the same offense clearly is a separate statutory issue than the issue of whether the offense gives notice to the accused and is counted a lesser included offense' of the indicted offense.
 {¶ 27} "This court is cognizant that the Ohio Supreme Court has expressed a contrary viewpoint in State v. Barnes, 94 Ohio St.3d 21,2002-Ohio-68. In Barnes, at 26, the majority opinion adhered to the position that the evidence presented in a particular case is Irrelevant' to the determination of whether an offense, as `statutorily defined,' is `necessarily' included in a greater offense. However, in her concurring opinion in Barnes, Justice Lundberg-Stratton recognized the problems inherent in the majority opinion's analysis of lesser included offenses, i.e., when the analysis focuses strictly on the statutory definitions involved, `confusion and inconsistency result * * *.' Id. at 29. *Page 11 
 {¶ 28} "Furthermore, a method of analysis which divorces `the underlying facts of the crimes' in `completing' the analysis `beget[s] illogical results * * *. Decision making in the abstract leaves trial courts to struggle with a test that allows criminal defendants to walkaway from their crimes, despite the fact that they fit all the elements of the lesser included offense, unless the state indicts them separately on each potential offense.' Id., at 30-31. (Emphasis added.) In other words, it negates any accountability; the result is opposite to the aim of R.C. 2945.74.
 {¶ 29} "Justice Lundberg-Stratton provided a logical solution to the dilemma caused by too strict an application of the second step of theDeem test: return to the basic premise. Rather than `continue on the path of examining cases in a vacuum,' an offense should be considered a lesser included offense, `depending on the facts and circumstances of each case.' Id. Thus, `in determining whether one offense is a lesser included offense of the charges offense, the potential relationship of the two offenses must be considered not only in the abstract terms of the defining statutes, but must also be considered in light of theparticular facts of each case.' Id. (Italics in original)." Id., ¶¶ 46-52.
 {¶ 30} As I previously stated in Kvasne at 4|55, to solve the problem created by the conflation of Rance and Deem, justice might better be served by a return to the beginning; to the "New Ohio Criminal code," as it was called when enacted by Am. Sub. House Bill 511. With respect to the instant case, it is clear from the legislative *Page 12 
commission's commentary published in 1974 that "[s]ince robbery shares a number of common elements with aggravated robbery, it is a lesser included offense to aggravated robbery." The crimes thus are distinguished mainly by the lesser degree of potential harm to the victim, rather than by a literal application of the elements of the respective subsections.
 {¶ 31} It is worth noting that, since Barnes was decided, it has been cited by the supreme court as authority almost exclusively with reference to Crim.R. 52, viz., "plain error;" the Barnes majority was reluctant to permit the defendant to escape criminal accountability. In this case, neither appellant nor his attorney raised any objection to the trial court's decision to acquit the defendant of the more serious offense, but find him guilty of attempting to commit a theft offense by threatening the use of physical harm, i.e., robbery.
 {¶ 32} Thus, although I agree that the elements of R.C. 2911.01(A)(1) and R.C. 2911.02(A)(2), as "statutorily defined," do not strictly meet the conflated interpretation of the Deem test, nevertheless, I am unconvinced plain error occurred in this case. Moreover, I am uncomfortable with the fact that the present state of the law prevents appellant from being held accountable for his criminal act, and, therefore, I concur with the majority opinion only with great reluctance. *Page 1