**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Henderson Carter*, **Slip Opinion No. 2026-Ohio-489.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-489

DISCIPLINARY COUNSEL *v.* HENDERSON CARTER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Henderson Carter*, Slip Opinion No. 2026-Ohio-489.]**

*Unauthorized practice of law—Holding one's self out as an attorney in purporting to represent a beneficiary in a probate matter, preparing deeds for transfer of real property, and notarizing the deeds as an "attorney"—Respondent committed five acts of unauthorized practice of law and did so knowingly and deliberately despite her knowledge that she had been permanently disbarred from practice of law—Respondent enjoined from engaging in additional acts constituting unauthorized practice of law, enjoined from performing notarial acts unless and until she is properly appointed and commissioned as a notary by Ohio Secretary of State, and ordered to pay civil penalty of $30,000.*

(No. 2025-1329—Submitted November 18, 2025—Decided February 17, 2026.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law

of the Supreme Court, No. 24-02.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DETERS, HAWKINS, and SHANAHAN, JJ. BRUNNER, J., did not participate.

**Per Curiam.**

{¶ 1} In an October 2024 complaint, relator, disciplinary counsel, charged respondent, Pippa Lynn Henderson Carter, a former Ohio attorney who was disbarred in 2006, with engaging in the unauthorized practice of law by holding herself out as an attorney in purporting to represent a beneficiary in a probate matter, preparing two deeds for the transfer of real property, and notarizing the deeds as an "attorney." Relator twice amended the complaint—once in January 2025 to allege additional facts regarding his efforts to communicate with Henderson Carter and again in May 2025 to correct the case caption.

{¶ 2} The Board on the Unauthorized Practice of Law attempted to serve the complaint and both amended complaints on Henderson Carter at her last known address (in Cleveland) by certified mail and by ordinary mail, the latter evidenced by certificates of mailing. The first certified mailing was returned to the board unclaimed. Although the record does not definitively establish whether the other certified mailings were delivered or returned, there is no evidence indicating that any of the complaints sent to Henderson Carter by ordinary mail were returned; therefore, service is deemed complete. *See* Gov.Bar R. VII(2)(C).

{¶ 3} In a June 24, 2025 email, the secretary of the board informed relator that Henderson Carter was in default of the answer. On July 31, under Gov.Bar R. VII(12)(B), relator filed a motion for default that contained a statement of its efforts to engage with Henderson Carter, sworn or certified documentary prima facie evidence in support of the allegations of the complaint, citations to authorities relator was relying on, a statement that relator was unaware of any factors that

2

would mitigate Henderson Carter's misconduct, and a certificate of service stating that the motion had been sent to her by "regular and certified mail." *See* Gov.Bar R. VII(12)(B). Henderson Carter has not answered the complaint or responded to the motion for default.

{¶ 4} A three-member panel of the board found that Henderson Carter was in default and that relator had proved by a preponderance of the evidence that Henderson Carter engaged in the unauthorized practice of law by (1) "[a]cting as an attorney in implying that she represented an interested client in" a probate matter and "presenting the position of that person in regard to that matter," (2) preparing two quitclaim deeds, and (3) notarizing the two deeds as an attorney without a license to do so.

{¶ 5} Finding that preparing and notarizing each deed were separate acts, the panel found that Henderson Carter committed a total of five acts of the unauthorized practice of law. The panel recommended that Henderson Carter be enjoined from engaging in additional acts of the unauthorized practice of law and from performing notarial acts. Additionally, the panel recommended that she be ordered to pay a total civil penalty of $30,000. The board adopted the panel's report and recommendations.

{¶ 6} After reviewing the record, we adopt the board's findings that Henderson Carter engaged in five instances of the unauthorized practice of law and we agree that an injunction and a civil penalty are warranted.

## Background and Procedural History

{¶ 7} The evidence submitted with relator's motion for default shows that Henderson Carter is an Ohio resident, was admitted to the Ohio bar in 1989 under the name Pippa Lynn Henderson, and was assigned attorney-registration No. 0041739.

{¶ 8} In May 1997, after finding Henderson Carter in contempt of court for failing to cooperate in disciplinary investigations and for failing to comply with a

subpoena, we suspended her from the practice of law until she complied with the subpoena. *Disciplinary Counsel v. Henderson*, 78 Ohio St.3d 1501 (1997). We subsequently found her in contempt of our May 1997 order. *Disciplinary Counsel v. Henderson*, 80 Ohio St.3d 1461 (1997). And on November 10, 1999, we indefinitely suspended Henderson Carter from the practice of law for neglecting a client's legal matter, failing to deliver all papers and property to which a client was entitled upon withdrawal from representation, and failing to cooperate in a disciplinary investigation. *Disciplinary Counsel v. Henderson*, 1999-Ohio-29.

{¶ 9} On April 5, 2006, we permanently disbarred Henderson Carter for engaging in the unauthorized practice of law during her indefinite suspension and for additional acts of professional misconduct. *Disciplinary Counsel v. Henderson*, 2006-Ohio-1336.

{¶ 10} Despite our disbarment order, Henderson Carter continued to practice law. Specifically, in January 2009, she appeared for a pretrial conference before a Cuyahoga County Juvenile Court magistrate and identified herself as counsel for one of the parties. On December 21, 2009, after Henderson Carter failed to comply with a show-cause order issued by this court, we found her to be in contempt of court for failing to comply with our disbarment order, fined her $1,000, issued a warrant for her arrest, and ordered her to serve ten days in jail. *Disciplinary Counsel v. Henderson*, 2009-Ohio-6700. However, our docket does not show that the warrant was ever served or executed, nor does it show that Henderson Carter ever paid her fine. *See* 2005-1948, *Disciplinary Counsel v. Henderson*.

{¶ 11} In June 2023, relator received from attorney Julie Taft a grievance alleging that Henderson Carter had once again engaged in the unauthorized practice of law. In May 2024, relator filed a motion requesting that we issue a second order for Henderson Carter to appear and show cause why she should not be held in contempt of our April 2006 disbarment order. We granted the motion in part and

ordered Henderson Carter to show cause by filing a written response within ten days. Based on her failure to comply with that order, we referred the matter to the board for further proceedings.

**Henderson Carter's Misconduct**

{¶ 12} Inez W. Patterson died on August 19, 2020. Inez's son Joseph F. Patterson Jr. ("Joe") and her grandson, John C. Patterson Jr. ("John Jr."), survived her. John Jr. is the son of Inez's son John C. Patterson Sr., who had predeceased her. Inez's will, in which Joe and John Jr. were named as equal beneficiaries, was filed in the Portage County Court of Common Pleas, Probate Division. Joe was named as executor of Inez's estate, and Taft served as the estate's attorney. During the administration of the estate, Joe was diagnosed with cancer and his health rapidly declined. He died on August 17, 2022.

{¶ 13} In March 2023, the probate court appointed Taft as the administrator de bonis non cum testament annexo[1] of Inez's estate. Later, the court scheduled a May 22, 2023 hearing on an application Taft had filed for approval of attorney fees.

{¶ 14} According to the affidavit of Taft's paralegal, Sarah Harris, Harris received the following voicemail message from Henderson Carter on April 26, 2023:

> Hi, Sarah. My name is Pippa Carter. I'm calling for John C. Patterson, Jr. Um. I would like to get in touch with Julie Taft to discuss the Estate of Inez Patterson. If you could give me a call back, my number is . . . . We're having—We really don't—um— have much of a problem with the fees; however, um, they do have some issue with Julie being appointed the Administrator De Bonis

---

1. Administration de bonis non cum testamento annexo is "[a]n administration granted to settle the remainder of a testate estate not settled by a previous administrator or executor." *Black's Law Dictionary* (12th Ed. 2024).

Non Cum Testament Annexo, so please give us a call. We'd
appreciate it. Thank you very much . . . . Goodbye.

{¶ 15} Harris forwarded the voicemail message to Taft. According to Taft's
affidavit, after listening to the message, Taft attempted to find the name "Pippa
Carter" in this court's online attorney directory but found no such listing. She then
searched for the name on Google and found a Pippa Carter who appeared to use the
names Pippa L. Henderson and Pippa Henderson Carter and had been disbarred in
2006.

{¶ 16} Upon further investigation, Taft found that Henderson Carter had
drafted two quitclaim deeds transferring real property from John Jr.'s mother,
Denise Patterson, to John Jr. The certified copies of the deeds obtained from the
Cuyahoga County fiscal officer and submitted with relator's default motion bear
the notation: "This instrument prepared by: Pippa L. Henderson Carter of 1214
Pomona Road, Cleveland Heights." The deeds—which were executed by Denise
Patterson on February 22 and March 11, 2023, respectively—were notarized by
"Pippa L. Henderson," with a notary stamp that identified her as an attorney and
stated, "Commission has no Expiration Date Section 147.03 R.C."[2] At the time the
documents were executed, Henderson Carter had been disbarred for nearly 17
years.

**Henderson Carter Engaged in the Unauthorized Practice of Law**

{¶ 17} This court has original jurisdiction over the admission to the practice
of law in Ohio, the discipline of persons so admitted, and "all other matters relating
to the practice of law," Ohio Const. art. IV, § 2(B)(1)(g), which includes the

---

2. R.C. 147.03 provides that an attorney admitted to the practice of law in Ohio by this court "shall
hold office as a notary public as long as the attorney is a resident of this state or has the attorney's
principal place of business or primary practice in this state, the attorney is in good standing before
[this] court, and the commission is not revoked."

regulation of the unauthorized practice of law, *Royal Indemn. Co. v. J.C. Penney Co., Inc.*, 27 Ohio St.3d 31, 34 (1986); *Greenspan v. Third Fed. S. & L. Assn.*, 2009-Ohio-3508, ¶ 16. The purpose of that regulation is to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.*, 2004-Ohio-6506, ¶ 40.

{¶ 18} We have defined the unauthorized practice of law as including both the "rendering of legal services for another," Gov.Bar R. VII(31)(J)(1)(a) through (c), and the "[h]olding out to the public or otherwise representing oneself as authorized to practice law in Ohio" by any person who is not authorized to practice law under our rules, Gov.Bar R. VII(31)(J)(1)(d). Our rules prohibit nonlawyers from holding themselves out "in any manner as an attorney at law" and from representing that they are authorized to practice law "orally or in writing, directly or indirectly." R.C. 4705.07(A)(1) and (2).

{¶ 19} Generally, the unauthorized practice of law "includes the preparation of legal pleadings and other papers for another without the supervision of an attorney licensed in Ohio." *Ohio State Bar Assn. v. Cohen*, 2005-Oho-5980, ¶ 6. "'[T]he practice of law embraces the preparation of legal documents on another's behalf, including deeds which convey real property.'" *Lorain Cty. Bar Assn. v. Kennedy*, 2002-Ohio-1943, ¶ 3, quoting *Disciplinary Counsel v. Doan*, 1997-Ohio-299, ¶ 3; *see also Medina Cty. Bar Assn. v. Flickinger*, 2002-Ohio-2483, ¶ 5.

{¶ 20} In this case, the board found that Henderson Carter engaged in the unauthorized practice of law by (1) "[a]cting as an attorney in implying that she represented an interested client in the Patterson matter and presenting the position of that person in regard to that matter," (2) preparing two quitclaim deeds, and (3) notarizing the two deeds as an attorney without a license to do so.

{¶ 21} Relator's evidence supports the board's findings. We therefore adopt the board's recommendation that we find that Henderson Carter engaged in

the unauthorized practice of law by implicitly holding herself out as an attorney representing John Jr. in the estate of Inez Patterson, by preparing two quitclaim deeds on behalf of Denise Patterson, and by notarizing those deeds as an attorney when, in fact, she was a former attorney who had been disbarred by this court in April 2006.

**An Injunction and Civil Penalty Are Warranted**

**{¶ 22}** Because we have found that Henderson Carter engaged in the unauthorized practice of law, we adopt the board's recommendation that we issue an injunction prohibiting her from engaging in additional acts of the unauthorized practice of law in Ohio. We also adopt the board's recommendation that Henderson Carter be enjoined from performing notarial acts in Ohio unless and until she is properly appointed and commissioned as a notary by the Ohio Secretary of State. *See* R.C. Ch. 147 (governing notaries public).

**{¶ 23}** In his default motion, relator suggested that Henderson Carter engaged in three instances of the unauthorized practice of law and proposed that the board recommend we impose a civil penalty of $30,000 or $10,000 per offense—the maximum penalty for each of those three offenses. *See* Gov.Bar R. VII(14)(B). The board determined, however, that Henderson Carter engaged in five instances of the unauthorized practice of law: The board found that her implying that she represented John Jr. in the estate of Inez Patterson constituted a single offense and that her preparing each of the two deeds and her notarizing those deeds as an attorney constituted separate offenses. Moreover, the board noted that Henderson Carter's notarial acts may violate R.C. 147.10 (prohibiting a notary public from acting as a notary public knowing that the notary public's term of office has expired). Despite having found a total of five violations, the board recommends that we impose a total civil penalty of $30,000—or $6,000 per offense for each instance of Henderson Carter's unauthorized practice of law.

{¶ 24} Gov.Bar R. VII(14)(B) instructs us in determining the appropriate civil penalty to consider (1) the degree of a respondent's cooperation during the investigation, (2) the number of times the respondent engaged in the unauthorized practice of law, (3) the flagrancy of the respondent's violations, (4) any harm that the violations caused to third parties, and (5) any other relevant factors, which may include the aggravating and mitigating circumstances identified in UPL Reg. 400(F). *See also Disciplinary Counsel v. Ward*, 2018-Ohio-5083, ¶ 13.

{¶ 25} In this case, Henderson Carter did not respond to relator's inquiries or otherwise cooperate in the investigation into her misconduct. She committed five acts of the unauthorized practice of law and did so knowingly and deliberately despite her knowledge that she had been permanently disbarred from the practice of law. Her legal education and experience and her repeated and deliberate disregard of the orders of this court since May 1997 make it impossible to characterize her misconduct as a series of simple mistakes or the actions of a well-meaning but misguided person seeking to help another. Although relator did not present any allegations or evidence indicating that Henderson Carter's conduct harmed any person, the board noted that her illegal notarization of the two deeds could give rise to legal challenges regarding their efficacy. Furthermore, no evidence of any mitigating factors was presented in this case.

{¶ 26} In light of these factors, the board found and we agree that a civil penalty of $6,000 is warranted for each of Henderson Carter's five instances of the unauthorized practice of law, for a total civil penalty of $30,000.

**Conclusion**

{¶ 27} Accordingly, we enjoin Pippa Lynn Henderson Carter from engaging in additional acts constituting the unauthorized practice of law in Ohio. We also enjoin Henderson Carter from performing notarial acts in Ohio unless and until she is properly appointed and commissioned as a notary by the Ohio Secretary of State. Furthermore, we order Henderson Carter to pay a civil penalty of

$30,000—$6,000 for each of the five instances of the unauthorized practice of law found above. Costs are taxed to Henderson Carter.

Judgment accordingly.

————————————

Joseph M. Caligiuri, Disciplinary Counsel, and Karen H. Osmond, Assistant Disciplinary Counsel, for relator.

————————————